**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**


LELIA VINCENT and PATRICK VINCENT, )
individually and on behalf of all  )
others similarly situated,         )
                                   )
            Plaintiffs,            )
                                   )
            v.                     )      No. 13 C 5625
                                   )
CHUHAK & TECSON, P.C., an Illinois )
professional corporation,          )
                                   )
            Defendant.             )

-----------------------------------

MICHELLE LOCKETT, in her own       )
right and as next friend of        )
SEBASTIAN A. LORENZO, on behalf    )
of plaintiffs and a class,         )
                                   )
            Plaintiffs,            )
                                   )
            v.                     )      No. 13 C 7458
                                   )
CHUHAK & TECSON, P.C., an Illinois )
professional corporation,          )
                                   )
            Defendant.             )


**MEMORANDUM OPINION**

        These related cases are before us on defendant's motions to

dismiss the complaints pursuant to Federal Rule of Civil Procedure

12(b)(6).  For the reasons explained below, the motions are denied.

## BACKGROUND

These are class actions against a law firm that acts as a debt collector, Chuhak & Tecson, P.C. ("Chuhak"), for violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et seq. Lelia and Patrick Vincent's case, 13 C 5625, was originally assigned to this court. Michelle Lockett and Sebastian A. Lorenzo's case, 13 C 7458, was originally assigned to Judge Leinenweber and then transferred to this court as related to Vincent.

The cases arise out of the same occurrence: a collection letter that Chuhak sent to plaintiffs that sought payment of past-due condominium assessments.[1] We will quote from pertinent parts of the letter in our discussion below. Each complaint alleges that Chuhak violated § 1692g of the FDCPA (the section that requires debt collectors to provide certain debt-validation information to debtors) by "overshadowing" the required notice of the consumer's right to dispute the debt.

Chuhak moves to dismiss the complaints for failure to state a claim.

---

[1] The letter sent to the Vincents was dated February 21, 2013 and sought to collect past-due assessments of $1,153.87 owed to the Board of Managers of Rivercrest Meadows Condominium, Inc. (Vincent Compl., Ex. A.) The letter sent to Lorenzo was dated June 27, 2013 and sought to collect past-due assessments of $14,651.33 owed to the Board of Managers of the Carillon Lakes Homeowners Association. (Lockett Compl., Ex. A.)

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 556 (2007)). Although we must accept as true all factual allegations in the complaint, we need not accept as true its legal conclusions. <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).

Section 1692g of the FDCPA requires a debt collector to send, within five days after an initial communication with a consumer in connection with the collection of any debt, a written notice to the consumer that contains certain information about the debt and the consumer's rights. 15 U.S.C. § 1692g(a). The notice, which is often referred to as a "validation notice," must contain, among other things, a statement that "unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" as well as a statement that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(3), (4). The statute also provides that collection activities and communication during the thirty-day period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b); see also Chauncey v. JDR Recovery Corp., 118 F.3d 516, 518 (7th Cir. 1997).

When evaluating a debt-collection letter for compliance with the FDCPA, we apply the "unsophisticated consumer" standard, under which the letter must be "clear and comprehensible to an individual who is uninformed, naive, and trusting, but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." Zemeckis v. Global Credit & Collection Corp., 679 F.3d 632, 635 (7th Cir. 2012) (citations and internal quotation marks omitted). Courts generally view the confusing nature of a dunning letter as a question of fact that, if well pleaded, avoids dismissal on a Rule 12(b)(6) motion. Id. at

636. A plaintiff fails to state a claim, however, when it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." <u>Id.</u> (citing <u>Taylor v. Cavalry Inv., L.L.C.,</u> 365 F.3d 572, 574 (7th Cir. 2004)).

Plaintiffs allege that Chuhak violated § 1692g by stating that "unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated," therefore "overshadowing" the FDCPA's required notice that a consumer has thirty days to request verification of the debt. Chuhak's letter to plaintiffs, titled "Notice," stated in pertinent part:

> This is your notice that there is due to [the plaintiffs' respective condominium association] . . . [the specific sum allegedly owed] for your proportionate share of the expenses of administration, maintenance and repair on the common elements and/or any outstanding fines and the costs, expenses and attorneys' fees claimed under the Declaration for collection . . . .
> This is your notice that if you notify this office within 30 days of receipt of this document that you dispute the validity of the debt or any portion thereof, we will obtain a verification of the debt and a copy of the verification will be mailed to you. After 30 days, if we do not receive a request from you, we will assume this debt is valid and proceed to collect the amount the association claims you owe. . . .
> <u>This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is made on or before the expiration of thirty (30) days after receipt of this Notice, your right to possession of the premises will be terminated.</u>

(Vincent Compl., Ex. A; Lockett Compl., Ex. A (emphasis added).) In plaintiffs' view, the underscored language, the payment demand,

"overshadows" the validation notice because the letter does not explain how the demand for payment relates to the consumer's validation rights.[2]

Chuhak first contends that plaintiffs' claims are "meritless" because there is no inconsistency or contradiction between the validation notice and the demand for payment and an unsophisticated consumer "should have no trouble recognizing that he or she has a full 30 days from receipt of the Notice to dispute the validity of the debt without further legal action being taken." (Def.'s Mem. in Supp. of Mot. at 3-4 (Vincent); Def.'s Mem. in Supp. of Mot. at 4 (Lockett).)

This is the "typical case" described by the Seventh Circuit in Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997), where "the letter both demands payment within thirty days and explains the consumer's right to demand verification within thirty days." Significantly, the Court then observed: "These rights are not inconsistent, but by failing to explain how they fit together the letter confuses." Id. at 500-02 (discussing "the failure to explain an apparent though not actual contradiction" and providing a model "safe harbor" collection letter). As plaintiffs point out,

---

[2] The Lockett plaintiffs contend in their response brief that the letter violates the FDCPA for an additional reason: it fails "to inform the consumer that a dispute must be in writing to obtain verification." (Pls.' Resp. at 5.) But this claim appears nowhere in the complaint, and it is axiomatic that a plaintiff may not amend her complaint in a response brief. See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 448 (7th Cir. 2011).

Chuhak's letter does not contain any explanation of how Chuhak's rights fit together with the debtor's validation rights. Therefore, we do not think it "apparent . . . that not even a significant fraction of the population would be misled" by it. See Taylor, 365 F.3d at 574.

Another possibly confusing aspect of Chuhak's letter is that, although both the validation notice and the payment demand refer to a thirty-day period, the payment demand states that unless payment in full "*is made* on or before the expiration of thirty (30) days after receipt," the right to possession of the premises will be terminated. In Chauncey, 118 F.3d at 518, the plaintiff had received a similar collection letter; it contained a validation notice and a payment demand that stated: "Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made." The Court of Appeals held that the thirty-day period for the receipt of the debtor's payment was inconsistent with the thirty-day window to dispute the debt. 118 F.3d at 519; see also Olson v. Risk Mgmt. Alts., Inc., 366 F.3d 509, 512 (7th Cir. 2004) ("An unexplained demand for payment within the thirty-day validation period creates confusion by contradicting, and thus rendering ineffective, the validation notice."). We do not see much difference between the demand in Chauncey and that in Chuhak's letter. Chuhak makes much of the

fact that its letter does not refer to "receipt" of payment, and even goes so far as to assert that its notice is not ambiguous because it "does not suggest that a payment mailed on the 30th day would be unacceptable," Def.'s Reply at 5-6 (Lockett), but fails to explain how it could be aware that payment had been "made" within the thirty-day period without having received the payment.

Chuhak also maintains that its collection letter "complies with" the safe-harbor language set forth in <u>Bartlett</u>, apparently simply because the letter contains a validation notice. (Def.'s Mem. in Supp. of Mot. at 4 (Vincent); Def.'s Mem. in Supp. of Mot. at 4 (Lockett).) This argument verges on frivolous. In addition to language explaining a debtor's validation rights, <u>Bartlett</u>'s model letter contains a paragraph explaining as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

128 F.3d at 502. As we have discussed, Chuhak's letter does not contain this language or any similar language that explains how the disclosed validation rights relate to the debt collector's rights and obligations.

Chuhak protests that it could not legally have included such language because the Illinois Forcible Entry and Detainer Act (the "Forcible Entry Act"), 735 ILCS 5/9-104.1(a), which applies to

suits by condominium associations to evict unit owners who fail to pay assessments and requires that a written demand first be served, requires it to wait until the expiration of a thirty-day notice period before filing an action for possession.   Chuhak also contends that it has crafted its notice to comply with the Forcible Entry Act and emphasizes that the notice includes a sentence required by section 9-104.1(b) of the Act: "Only full payment of all amounts demanded in this notice will invalidate the demand, unless [the condominium association or Chuhak] agree[s] in writing to withdraw the demand in exchange for receiving partial payment." We are unpersuaded.   Whether the notice includes information required by Illinois law is beside the point; it has nothing to do with the nature of the confusion alleged by plaintiffs.   And the fact that Illinois requires that condominium unit owners be given least thirty days to satisfy the terms of a demand for past-due assessments before an action is filed does not relieve a debt collector from its duty under the FDCPA to explain to the debtor how the debtor's rights fit together with the debt collector's rights, when there is an apparent contradiction.   It would not have been difficult for Chuhak to have crafted a legally accurate notice patterned after the <u>Bartlett</u> language, but it evidently chose not to do so, at its own risk.   See <u>Bartlett</u>, 128 F.3d at 502 ("We cannot require debt collectors to use 'our' form.  But of course if they depart from it, they do so at their risk.  Debt collectors who

want to avoid suits by disgruntled debtors standing on their statutory rights would be well advised to stick close to the form that we have drafted. It will be a safe haven for them, at least in the Seventh Circuit.").

Plaintiffs adequately state claims for violation of § 1692g of the FDCPA. Accordingly, defendants' motions will be denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint in <u>Vincent</u> [11] is denied, and defendant's motion to dismiss the complaint in <u>Lockett</u> [18] is denied. A status hearing is set for April 30, 2014 at 11:00 a.m.


DATE:          April 16, 2014



ENTER:         _____
               John F. Grady, United States District Judge